IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SYED TAHER,

        Plaintiff,

v.                                      Case No. 06-2132-KHV-DJW

WICHITA STATE UNIVERSITY,

        Defendant.

## PROTECTIVE ORDER

The Court now considers the joint request of the parties for entry of a protective order, pursuant to the provisions of Fed. R. Civ. P. 26(c), concerning the confidentiality of documents and information. This case is an employment discrimination matter that may require disclosure of all of defendant's files regarding plaintiff, as well as some or all of the personnel-related records of non-party employees whose situations are or might be comparable to plaintiff. Those files do or may contain sensitive and confidential matters not appropriate for public disclosure absent a subsequent determination that they are truly necessary for the trial of this matter.

For good cause shown, the Court enters the following Protective Orders. It is, therefore,

1.      The following categories of documents and information in this case qualify as "Confidential Information" and thus subject to the terms of this protective order.

- Defendant's non-public personnel and other files regarding Plaintiff;
- Non-public personnel-related records of non-party employees who applied for positions for which Plaintiff claims he was qualified and whose situations are or might be comparable to Plaintiff; and
- Medical and financial records of Plaintiff.

2.      The parties shall designate "Confidential Information" as confidential and subject to this Order by placing the following marking on the document in a manner which will not interfere with its legibility:

**CONFIDENTIAL**
**Subject to Protective Order**

3.      This Protective Order shall apply to and govern documents and information containing Confidential Information, regardless of whether or not such documents or information are informally produced or produced in response to a formal discovery request in this case. The parties may designate their responses to other discovery requests and deposition testimony as confidential and protected by this Order. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within thirty (30) days of the completion of the deposition (i.e., 30 days after the deponent has signed the transcript or the time allowed for signing has lapsed), notify the parties that the deposition testimony contains confidential material, in which case the testimony shall be subject to the full protections of this Order.

4.      In the event that Confidential Information may be included with, or the contents thereof may be disclosed in, any pleading, motion, deposition transcript, or other paper filed with the Clerk of the Court, the party seeking to file such confidential information must first file a motion with the court and be granted leave to file the particular document under seal.

5.      Except as otherwise directed by this Court, the documents and information produced by the parties and protected by this Order shall be revealed only to: (a) parties in this action (including officers and employees of any party), (b) counsel of record (including law firm

employees) for the parties in this action, (c) their experts or consultants, (d) non-party witnesses in the case, (e) the Court and Court personnel for any purpose the Court finds necessary, and (f) jurors and Court personnel at trial of this action, as may be necessary for trial purposes.

6. With the exception of persons identified in subparts (a), (b), (e) and (f) of paragraph 5, no person entitled to access to protected documents or information under this Order shall be provided with the protected documents or information by any party unless such party has verified that the individual has: (a) read the Order of this Court, and (b) completed and signed the affidavit provided.

7. The documents and information produced pursuant to the terms of this Order shall be used by the party to which said documents are produced for the sole and limited purpose of preparation for and trial and appeal of the above-entitled action and shall not be used for any other purpose.

8. At the conclusion of the litigation, all documents and materials produced to plaintiff or defendant, and all copies, summaries and abstracts of such materials, however maintained, shall be returned to counsel of record for the party to whom said documents belong. In the alternative, if said documents are deemed the work product of counsel for the party to whom said documents were produced (i.e., because they contain notes or annotations made or affixed following the production of said documents), then counsel for the party to whom said documents were produced may destroy said documents, in lieu of returning them, and shall send a letter to counsel for the party to whom said documents belong explaining that the documents were destroyed. Nothing in this provision shall require the Court or Court Clerk to return or destroy confidential documents that are filed in this case.

9. Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential. Nothing in this Order shall prevent a party from seeking leave of the Court to reopen the case to enforce the provisions of this Order.

10. Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provisions of this Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. If any party elects to challenge the designation of confidentiality of any document or information pursuant to this Order, that party shall, in writing, notify the party to which the challenged document or information belongs of its challenge. Within fourteen (14) days of the receipt of such written notice, the party to which the challenged document belongs will either voluntarily remove the confidential designation or inform the challenging party that it will not remove the confidential designation. Thereafter, the challenging party may move the Court for an order removing the protections established by this Order. The burden of establishing confidentiality once challenged, by the above procedure, is upon the party producing the document. All documents, testimony or other materials designated by the party as confidential, however, shall retain confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including such appeal(s).

11. Violation by any person that is subject to the jurisdiction of this Court of any provision of this Protective Order may be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Order.

IT IS SO ORDERED.

Dated this 27th day of November, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　s/ David J. Waxse

UNITED STATES MAGISTRATE JUDGE

APPROVED:

SHORES, WILLIAMSON AND OHAEBOSIM, LLC
1400 Epic Center
301 N. Main Street
Wichita, Kansas  67202-4814
Tel:  (316) 261-5400
Fax:  (316) 261-5404
E-mail:  u.ohaebosim@swolawfirm.com
E-mail:  l.williamson@swolawfirm.com


By s/Uzo L. Ohaebosim
　　Uzo L. Ohaebosim, #20983
　　Lawrence W. Williamson, #21282
　　　　Attorneys for Plaintiff



FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy., Ste. 100
Wichita, Kansas 67206-4466
Tel:  (316) 267-6371
Fax: (316) 267-6345
E-mail:  jdegraffenreid@foulston.com


By s/ Jeff P. DeGraffenreid
　　Jeff P. DeGraffenreid, #15694
　　　　Attorneys for Defendant

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SYED TAHER,                                )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )   Civil Action No. 06-02132-KHV
                                           )
WICHITA STATE UNIVERSITY,                  )
                                           )
            Defendant.                     )
                                           )

**AFFIDAVIT**

STATE OF _____        )
                                    ) ss:
COUNTY OF _____        )

The undersigned, being duly sworn and of lawful age, deposes and says the following:

a. Affiant's full name and current address is: _____

_____.

b. Prior to receiving any documents and information designated as confidential by the parties in the above-captioned action, I was provided with a copy of this Protective Order, which I have read and fully understand. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the above-named Court concerning the enforcement of the Order.

c. I received the confidential information in my capacity as an (attorney, secretary, expert, other) _____.

d. I received access to this confidential information from _____

_____.

- 6 -

FURTHER AFFIANT SAITH NOT.

Dated this _____ day of _____, 200___.

                                                                                                                     _____

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 200__.

                                                                                                      _____
                                                                                                       Notary Public

My Appointment Expires: