## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SYED TAHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 06-2132-KHV** |
| **WICHITA STATE UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Syed Taher filed suit against Wichita State University, alleging employment discrimination and retaliation based on national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.  This matter is before the Court on defendant's Motion To Dismiss (Doc. #11) filed December 19, 2006.  Defendant argues that the Court should (1) dismiss plaintiff's claim under Section 1981 on Eleventh Amendment immunity grounds and (2) dismiss the complaint under Rule 12(b)(5), Fed. R. Civ. P., for insufficient service of process.  For reasons stated below, the Court dismisses plaintiff's Section 1981 claim and finds that plaintiff has not sufficiently served defendant, but grants plaintiff leave to re-serve defendant.

### Legal Standards

Defendant seeks to dismiss plaintiff's Section 1981 claim under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction, and plaintiff's entire complaint under Rule 12(b)(5), Fed. R. Civ. P. for insufficient service of process.  Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).  As to its motion to dismiss under Rule 12(b)(1),

defendant challenges the face of the complaint, so the Court presumes the accuracy of plaintiff's factual allegations and does not consider evidence outside the complaint.  Id.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction.  Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).  Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).  Conclusory allegations of jurisdiction are not enough.  Id.

### Standards For Motion To Dismiss Under Rule 12(b)(5)

Pursuant to Rule 12(b)(5), Fed. R. Civ. P., the Court may dismiss a complaint for insufficient service of process.  Examples of insufficient service include serving the wrong person or serving an individual not authorized to accept service for defendant.  See 2 James Wm. Moore, Moore's Federal Practice ¶ 12.33[4] at 12-54 (3d ed. 1997).  In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendant.  See Bernard v. Husky Truck Stop, No. 93-2241-JWL, 1994 WL 171732, at *1 (D. Kan. Apr. 20, 1994), aff'd, 45 F.3d 439 (10th Cir. 1995).  The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of

any factual doubt.  See id.

## Factual Background

On April 8, 2006, plaintiff filed suit against Wichita State University ("Wichita State"), alleging employment discrimination and retaliation based on national origin.  Wichita State is a state educational institution in Kansas and is considered a state agency and institution.  The chief executive officer of Wichita State is its president, Donald L. Beggs.  Plaintiff attempted to serve defendant by mailing the summons and complaint to Ted D. Ayres, vice president and general counsel of Wichita State.

## Analysis

Defendant argues that (1) it is entitled to Eleventh Amendment immunity as to plaintiff's Section 1981 claim (Count II); and (2) plaintiff did not obtain sufficient service of process.

**I.      Eleventh Amendment Immunity**

The Eleventh Amendment doctrine of sovereign immunity bars actions for damages against a State, its agencies and its officials acting in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir. 1993) (Eleventh Amendment immunity extends to agencies that act as arms of State).  Universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter egos of the State and share its Eleventh Amendment immunities.  Brennan v. Univ. of Kan., 451 F.2d 1287, 1290-91 (10th Cir. 1971); Billings v. Wichita State Univ., 557 F. Supp. 1348, 1350 (D. Kan. 1983).  The bar, however, is not absolute; States may consent to be sued in federal court and Congress may abrogate their sovereign immunity.  See Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).

Wichita State is an agency of the State of Kansas.  K.S.A. § 76-711(a).  The Eleventh Amendment prohibits plaintiff from maintaining suit against Wichita State in federal court under 42 U.S.C. § 1981.  See Young v. Univ. of Kan. Med. Ctr., No. 96-2390-KHV, 1997 WL 150051, at *1 (D. Kan. Feb. 26, 1997); Baker v. Bd. of Regents of State of Kan., 721 F. Supp. 270, 274 (D. Kan. 1989).  The Court therefore lacks subject matter jurisdiction over plaintiff's Section 1981 claim.

Plaintiff argues that the State of Kansas has expressly consented to suit under K.S.A. § 75-6103 of the Kansas Tort Claims Act ("KTCA"), which states that a governmental entity is liable for "damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state."  The KTCA, however, also states that "[n]othing in this section or in the [KTCA] shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States."  K.S.A. § 75-6116(g).  By enacting the KTCA, the Kansas legislature has not waived Eleventh Amendment immunity from suit in federal court.  See Myers v. Supreme Court of State of Kan., No. 05-4077-JAR, 2006 WL 276399, at *4 (D. Kan. Feb. 1, 2006); Haynes v. Attorney Gen. of Kan., No. 03-4209-RDR, 2005 WL 946522, at *3 (D. Kan. Feb. 23, 2005); Hamrick v. Farmers Alliance Mut. Ins. Co., No. 03-4209-JAR, 2004 WL 955273, at *7 (D. Kan. Apr. 27, 2004); Klein v. Univ. of Kan. Med. Ctr., 975 F. Supp. 1408, 1416 (D. Kan. 1997); Ndefru v. Kan. State Univ., 814 F. Supp. 54, 55 (D. Kan. 1993); Baker, 721 F. Supp. at 274.  Accordingly, the Court dismisses plaintiff's claim under Section 1981 (Count II).

## II.   Service Of Process

Under Kansas law, Wichita State is a state educational institution, see K.S.A. § 76-711(a), and is considered a state agency and state institution, see K.S.A. § 76-712.  Rule 4(j), Fed. R. Civ. P., directs proper service of process as follows:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2).  Kansas law further provides that service upon the State or any of its agencies  may be made "by serving the attorney general or an assistant attorney general."  K.S.A. § 60-304(d)(5).  Thus, proper service on Wichita State must be made on the President of Wichita State, the state attorney general or an assistant attorney general.

Plaintiff contends that he has substantially complied with Kansas law regarding service of process.  K.S.A. § 60-204 provides that "in any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court."  Plaintiff asserts that he has satisfied Section 60-204 because Wichita State knows of the suit and will not be prejudiced.  In Briscoe v. Getto, 204 Kan. 254, 256-57, 462 P.2d 127, 129 (1969), the Kansas Supreme Court, interpreting "substantial compliance," held that "[b]efore there can be a valid personal service of process there must be a substantial compliance with some method of process provided in K.S.A. 60-301 et seq.  It is only after substantial compliance that irregularities and omissions are cured by awareness of a pending proceeding."  The Kansas Supreme Court further noted as follows:

> [A]s we read the statute it seems clear that new methods of service were not
> anticipated. There must first be substantial compliance with some statutory method
> of service. Irregularities or omissions will then be ignored if the court finds that the
> party to be served was made aware that an action or proceeding was pending.

Id. at 257, 462 P.2d at 129.

Under Briscoe, the fact that Wichita State knows of the suit is insufficient to show substantial compliance. Plaintiff must first show that he has substantially complied with some statutory method of service. See id. Plaintiff attempted to serve Wichita State by serving its vice president and general counsel by certified mail. Under Kansas law, "[w]hen the statute designates a particular officer to whom process must be delivered and with whom it may be left, . . . no other officer or person can be substituted in his place. The designation of one particular officer upon whom service may be made excludes all others." Knight v. State of Kansas, No. 89-2392-O, 1990 WL 154206, at *1 (D. Kan. Sept. 6, 1990) (quoting Amy v. City of Watertown, 130 U.S. 301, 316-17 (1889)); see Oltremari v. Kan. Social & Rehab. Serv., 871 F. Supp. 1331, 1353 (D. Kan. 1994) (requiring personal service on chief executive officer of state agency assures that person in charge receives service; actual notice does not confer personal jurisdiction over defendant). Accordingly, plaintiff has not substantially complied with the statutory requirements for service of process on Wichita State. See Bidzimou v. SBC S.W. Bell, No. 95,961, 2007 WL 570294, at *2 (Kan. Ct. App. Feb. 23, 2007) (no substantial compliance because plaintiff made no effort to serve correct person); Brown v. Menlo Worldwide Expedite, No. 05-2316-KHV, 2006 WL 1999124, at *4 (D. Kan. July 17, 2006) (service on human resource specialist not "substantial compliance" for service on manager or person in charge); Scherer v. City of Merriam, No. 01-2092-KHV, 2001 WL 1155079, at *2 (D. Kan. Sept. 5, 2001) (service on city attorney not "substantial compliance" for service on city clerk or mayor); Knight, 1990 WL 154206, at *2 (service on special assistant

attorney general not "substantial compliance" for service on assistant attorney general); Pratt v. Bd. of County Comm'rs of County of Riley, 1989 WL 106721, at *2 (D. Kan. Aug. 10, 1989) (service on city manager's administrative aide not "substantial compliance" for service on city clerk or mayor); Dunn v. City of Emporia, 7 Kan. App.2d 445, 450, 643 P.2d 1137, 1141 (1982) (service on city attorney not "substantial compliance" for service on city clerk or mayor).[1]

Defendant argues that the Court should dismiss the case because plaintiff did not obtain sufficient service within 120 days of filing his complaint. See Fed. R. Civ. P. 4(m). Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant. See Gregory v. U.S. Bankr. Court, 942 F.2d 1498, 1500 (10th Cir. 1991), cert. denied, 504 U.S. 941 (1992); Pell v. Azar Nut Co., 711 F.2d 949, 950 n.2 (10th Cir. 1983). Therefore, on or before **April 3, 2007**, plaintiff may re-serve Wichita State pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #11) filed December 19, 2006 be and hereby is **SUSTAINED in part.** The Court dismisses Count II of plaintiff's Complaint (Doc. #1). The Court also quashes service and grants plaintiff until **April 3, 2007**, to re-serve Wichita State University under Rule 4 of the Federal Rules of Civil Procedure. Defendant's motion is otherwise overruled.

---

[1]      See also Myers v. Bd. of County Comm'rs of Jackson County, Kan., 280 Kan. 869, 876-77, 127 P.3d 319, 324-25 (2006) (service on county counselor who had no authority or control over board of commissioners not "substantial compliance" for service of notice of claim under K.S.A. § 12-105b); cf. Cree-Craw Teachers Ass'n v. U.S.D. No. 247, 225 Kan. 561, 563, 593 P.2d 406, 409 (1979) (service on school superintendent "substantial compliance" for service on clerk of school board because superintendent had statutory position of control over school board). But cf. Brin v. State of Kansas, 101 F. Supp.2d 1343, 1347 (D. Kan. 2000) (*pro se* mailing of service of process to university "substantial compliance" for service on chief executive officer, attorney general or assistant attorney general).

Dated this 19th day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge