**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SYED TAHER,

          Plaintiff,

v.                            Case No. 06-2132-KHV-DJW

WICHITA STATE UNIVERSITY,,

          Defendant.

### MEMORANDUM AND ORDER

Plaintiff filed this case on April 8, 2006 designating Kansas City as the place of trial. On March 15, 2007 Defendant filed a Motion to Determine Place of Trial as Wichita (doc. 22). The Court granted Defendant's Motion as uncontested pursuant to D.Kan. Rule 7.4 (doc. 28) on March 29, 2007. Later that same day, Plaintiff filed a Motion to Amend this decision on grounds that his time to file a responsive pleading did not expire until midnight on March 29, 2007. In conjunction with the Motion to Amend, Plaintiff also filed a responsive pleading opposing Defendant's request to determine the place of trial as Wichita, Kansas.

In light of the circumstances presented, the Court vacated the March 29, 2007 Order and ordered Defendant to file any Reply brief by April 12, 2007. On April 4, 2007, Defendant filed a substantive reply to Plaintiff's response brief. Accordingly, the Court is now ready to rule on the merits.

### Legal Standards

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering motions for intra-district transfer, the courts of this district look to the factors relevant

to change of venue motions under 28 U.S.C. § 1404(a).[1]  Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court recognizes that the statute is inapplicable on its face as Kansas comprises only one judicial district and division. The statute provides, however, that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."[2]

In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[3] Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed.[4]  The moving party bears the burden of proving that the existing forum is inconvenient.[5]

---

[1]See *Baker v. Via Christi Regional Medical Center*, 06-2168-KHV, 2007 WL 913925, at *1 (D. Kan. March 23, 2007) (citing *Bauer v. City of De Soto, Kan.*, No. 04-4027-JAR, 2004 WL 2580790, at *1 (D.Kan. Nov. 3, 2004); *Hartwick v. Lodge 70 Int'l*, No. 99-4139-SAC, 2000 WL 970670, at *1 (D. Kan. June 16, 2000) (citing *Aramburu v. Boeing Co.*, 896 F.Supp. 1063, 1064 (D. Kan. 1995); *Curtis 1000, Inc. v. Pierce*, No. 94-4086-RDR, 1994 WL 478744, at *1 (D. Kan. Aug. 25, 1994))).

[2]28 U.S.C. § 1404(c).

[3]*Id.* (citing *Hartwick*, 2000 WL 970670, at *1 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir.1991))).

[4]*Id.* (citing *Hartwick*, 2000 WL 970670, at *1 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992) (quotations and citations omitted))).

[5]*Id.*

## Analysis

I.    **Plaintiff's Choice of Forum**

Defendant argues that the balance of the factors overrides Plaintiff's choice of forum. Specifically, Defendant notes that Plaintiff himself does not reside in Kansas City. Although Plaintiff's choice of forum is entitled to great deference, such consideration is given less weight if Plaintiff's choice of forum is not his residence.[6] "In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[7] Simply put, although the Court considers Plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so."[8]

II.   **Convenience And Accessibility Of The Witnesses**

Plaintiff's choice of forum is further reduced because of the disproportion in convenience to the witnesses between Kansas City and Wichita. As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.[9]  With this in mind, the Court notes that most, if not all, of the

---

[6]*Via Christi Regional Medical Center*, 2007 WL 913925, at *2 (citing *Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at * 1 (D. Kan. Aug. 7, 2002) (citing *Ervin & Assocs., Inc. v. Cisneros*, 939 F.Supp. 793, 799 (D. Colo. 1996))).

[7]*Spires v. Hospital Corp. of America*, No. 06-2137-JWL, 2006 WL 1642701, *2 (D. Kan. June 8, 2006) (citations omitted).

[8]*Id.,* at *3.

[9]*Id.* (citing *Meek & Associates, Inc. v. First Union Ins. Group*, 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001) ("Convenience of the non-party witnesses is the most important factor to be considered."); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).").

3

witnesses, parties, and attorneys reside in Wichita. By contrast, none reside in Kansas City. With absolutely no connection to Kansas City, there is little difficulty in finding that Wichita is a more convenient forum for this case.

Ultimately, though, the Court has to find that Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient. That threshold is met, though, by examining the convenience of Kansas City as a forum for Defendant and its witnesses. As it stands, this case concerns Plaintiff's employment at Wichita State University in Wichita.  All party witnesses (including Plaintiff), all witnesses identified by Defendant and Plaintiff to date, and all sources of proof currently are located in Wichita; thus, witnesses and documents will be much less accessible if trial is held in Kansas City.  Witnesses will have to travel three hours each way to testify and some will have to spend the night in Kansas City if their testimony does not begin or is not completed at the close of the day. Further, witnesses will unquestionably miss more work time if trial is held in Kansas City.

For these reasons, the Court finds that the convenience of witnesses and the accessibility of witnesses and proof weighs in favor of trial in Wichita.

III.    **Fair Trial**

Defendant argues that a fair trial can be had in Wichita, regardless of the popularity of Wichita State University's men's basketball team.  Defendant asserts that courts in this district have ruled that a plaintiff who brings an employment action against a Wichita-based employer can get a fair trial in Wichita, and that such concerns can be addressed during voir dire of prospective jurors.[10]  The Court agrees with this assertion and finds this factor does not clearly weigh in favor

---

[10]*See Aramburu,* 896 F.Supp. at 1065.

of any party or location.

## IV.    Other Considerations

Defendant argues that all other considerations weigh in favor of a trial in Wichita. It argues that trial in Wichita will minimize delays in calling witnesses, and thus make more efficient use of jurors' and Court time.  Defendant also argues that counsel for all parties is located in Wichita.

The Court agrees that trial in Wichita will minimize delays in calling witnesses, and thus make more efficient use of jurors' and Court time.  Defendant's argument regarding convenience of counsel, however, is given little if any weight.[11]  Moreover, the district judge and staff are located in Kansas City; thus, the convenience of the Court weighs in favor of a trial in Kansas City. On the whole, the Court finds that the "other considerations" do not strongly tip the balance either way.

Considering all factors, the Court finds that Defendant has set forth a strong case for transfer.[12] The Court concludes that the balance of factors strongly outweighs Plaintiff's choice of forum. Thus, the Court finds that Defendant's Motion should be sustained.

_____

[11]*See Studdard v. Connaught Labs., Inc.,* 793 F.Supp. 291, 292 (D.Kan. 1992); *see, e.g., Aramburu,* 896 F.Supp. at 1063 (location of plaintiff's counsel in Topeka not sufficient to support trying case in Topeka when witnesses and evidence located in Wichita).

[12]*Via Christi Regional Medical Center*, 2007 WL 913925, at *2(citing *Hartwick*, 2000 WL 970670, at *1 (where all of witnesses, documents, parties, and counsel [with the exception of plaintiffs counsel] are in or near Salina or Wichita, balance of relevant factors favors trial in Wichita and overrides plaintiff's preference for Topeka trial); *Wallace v. Beech Aircraft Corp.*, No. 96-4128-SAC, 1997 WL 723436, at *6 (D. Kan. Oct. 22, 1997) (where final witness list shows vast majority of witnesses are from Wichita, balance of relevant factors favors trial in Wichita and overrides any presumptive weight given to plaintiff's choice of Topeka as place of trial); *Aramburu,* 869 F.Supp. at 1064-65 (where majority of witnesses from Wichita area, Wichita appropriate place for trial, notwithstanding plaintiff's choice of Topeka); *Boyer v. Bd. of County Comm'rs*, No. 94-4078-SAC, 1994 WL 106346, at *2 (D.Kan. Jan. 19, 1995) (where vast majority of witnesses reside in Kansas City, and Kansas City is more convenient for most witnesses, defendants and defendant's counsel, balance favors Kansas City as place of trial and overrides plaintiff's choice of trial in Topeka)).

Accordingly, it is hereby ordered that Defendant's Motion To Determine Wichita As Place Of Trial (doc. 22) is granted and from this date forward, the place of docketing, maintenance and trial of the above-captioned case shall be in Wichita, Kansas.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 18th day of April, 2007.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties